U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 18 2022
CLERK, U.S. DISTRICT COURT
By_____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY WIND, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:22-CV-246-A |
| | § | (NO. 4:18-CR-302-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion filed by Gregory Wind under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response (which is titled "Government's Motion to Dismiss Section 2255 Motion"), the reply, the record, including the record in the underlying criminal case, No. 4:18-CV-302-A, and applicable authorities, finds that the motion must be dismissed as untimely.

I.

Background

The record in the underlying criminal case reflects the following:

On December 12, 2018, movant was named in a one-count indictment charging him with use of a false document, in

violation of 18 U.S.C. § 1001(a)(3). CR Doc.[1] 9. Movant initially entered a plea of not guilty. CR Doc. 14. On February 8, 2019, movant appeared before the court with the intent to enter a plea of guilty. CR Doc. 17. Movant and his attorney signed a plea agreement. CR Doc. 19. They also signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 20. Movant testified under oath at re-arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as five years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the indictment; he had read and understood the factual resume and

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-302-A.

understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 47.

The probation officer prepared the PSR, which reflected that movant's base offense level was 6. CR Doc. 23, ¶ 20. He received a six-level increase because the actual loss was $58,003.00. Id. ¶ 21. He received a two-level reduction for acceptance of responsibility. Id. ¶ 27. Based on a total offense level of 10 and a criminal history category of VI, movant's guideline imprisonment range was 24 to 30 months. Id. ¶ 107. Movant filed objections, CR Doc. 24, and the probation officer prepared an addendum to the PSR. CR Doc. 29. Movant failed to comply with his conditions of release and the probation officer filed a second addendum to provide further information. CR Doc. 32. By order signed May 20, 2019, the court notified movant that it had tentatively concluded that a sentence significantly above the top of the advisory guideline imprisonment range would be appropriate and that the court could not find that movant had demonstrated acceptance of responsibility. CR Doc. 35.

On May 26, 2019, the court sentenced movant to a term of imprisonment of sixty months. CR Doc. 40. Movant appealed. CR Doc. 42. His conviction and sentence were affirmed. United

3

States v. Wind, 79 F. App'x 887 (5th Cir. 2020). On October 5, 2020, his petition for writ of certiorari was denied. CR Doc. 54.

II.

Grounds of the Motion

Movant urges two grounds in support of his motion. First, he says that the court's sentence was procedurally unreliable because the court failed to consider mitigating factors and to explain its sentence. Doc.[2] 1 at 4.[3] Second, he complains that the court failed to acknowledge or address his motion for downward variance. Id. at 5.

III.

Standards of Review

A.  Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The page reference is to the "Page __ of __" found at the top right portion of the document on the court's electronic filing system.

4

> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
> (4) the date on which the facts supporting the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

B.  Section 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of

5

constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

III.

Analysis

Movant's conviction became final on October 5, 2020, when the United States Supreme Court denied his petition for writ of certiorari. Clay v. United States, 537 U.S. 522, 525 (2003). He had one year from that date in which to file his motion. 28 U.S.C. § 2255(f)(1). He did not deposit his motion into the prison mail system until March 27, 2022, almost six months late. Doc. 1 at 12-13.

Movant recognizes that his motion is not timely. He urges that he should be granted an extension of time because he did

6

not have access to the law library due to COVID restrictions and lockdowns. Doc. 1 at 11. He also refers to his transfer to participate in a veterans program. Id.

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his habeas petition. Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011). Here, movant has made no such showing. Nor has he shown any exercise of diligence.

Though the court need not reach the merits of the motion, as the government points out, the grounds were raised on appeal and cannot be raised here. Davis, 417 U.S. at 345; Moore, 598

F.2d at 441. Moreover, misapplication of the sentencing guidelines, which is what movant is alleging, is not cognizable on collateral review. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

IV.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 18, 2022.

_____
JOHN McBRYDE
Senior United States District Judge